SCUDDER (VAN HOOK v.). See Case No. 16,853.

## Case No. 12,568.

### In re SCULL.

[7 Ben. 371; 1 10 N. B. R. 165; 10 Alb. Law J. 214; 1 Am. Law T. Rep. 416; 20 Int. Rev. Rec. 80; 22 Pittsb. Leg. J. 34.]

District Court, S. D. New York. July, 1874.

BANKRUPTCY—PETITION—ACT OF 1874—NUMBER OF PETITIONING CREDITORS—ACT OF BANKRUPTCY.

1. A petition in involuntary bankruptcy was filed on June 4, 1874, on which an order to show cause was made returnable June 13th. On the return day proof of service was filed, and, the bankrupt not appearing, the matter was, at the request of the creditor, adjourned from time to time till after the passage of the bankruptcy amendment act of June 22, 1874 [18 Stat. 178], after which the creditor asked for an adjudication. The petition stated facts sufficient to authorize an adjudication when it was filed, but it did not state that the petitioning creditors

1 [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

constituted one-fourth in number of the creditors, or that their debts amounted to one-third of the debts provable, as required by the act of June 22, 1874, and, in stating the act of bankruptcy it alleged that the bankrupt "suffered" his property to be taken on legal process, but did not allege that he "procured" it to be so taken, as required by that amendment: *Held,* that the petition must be taken, as it stood, as showing that the requisite number of creditors had not joined in the petition.

[Cited in Re McKibben, Case No. 8,859; Re Mann, Id. 9,033; Re Duncan, Id. 4,131; Re Austin, Id. 662.]

2. As the petition was filed before June 22, 1874, the petitioners might have an order allowing them to amend it so as to make it conform to the requirements of the amendment of June 22, 1874, both as to ·the number and amount of the creditors joining in the petition and as to the act of bankruptcy.

[In the matter of Isaac Scull, a bankrupt.]

Meade & Rockwell, for petitioning creditors.

BLATCHFORD, District Judge. This is a petition in involuntary bankruptcy, filed on the 4th of June, 1874. The order to show cause was returnable on the 13th of June, and was duly personally served on the alleged bankrupt on the 5th of June. On the return day, proof of service was filed, but the alleged bankrupt did not appear, and, at the request of the petitioning creditors, the matter was adjourned from time to time until after the approval of the amendatory act of June 22, 1874, no adjudication being directed to be entered, and, of course, no order of adjudication being entered. The petitioning creditors now ask for the entry of an order of adjudication, as on a default for want of appearance. The papers are in due form under the statute as it stood prior to its amendment by the act of 1874, and, but for the provisions of the latter act, the right to an adjudication would be clear.

2 [The 12th section of the act of 1874, amending the 39th section of the former act [of 1867 (14 Stat. 536)], provides that an adjudication in involuntary bankruptcy can be made only on the petition of one or more of the creditors of a debtor, "who shall constitute one-fourth thereof, at least, in number, and the aggregate of whose debts provable under this act amounts to at least one-third of the debts so provable * * * and the provisions of this section shall apply to all cases of compulsory or involuntary bankruptcy, commenced since the 1st day of December, 1873, as well as to those commenced hereafter. And in all cases commenced since the 1st day of December, 1873, and prior to the passage of this act, as well as those commenced hereafter, the court shall, if such allegation as to the number and amount of petitioning creditors be denied by the debtor, by a statement in writing to that effect, require him to file in court forthwith a full list of his creditors, with their places of resi-

2 [From 10 N. B. R. 165.]

dence and the sums due them respectively; and shall ascertain, upon reasonable notice to the creditors, whether one-fourth in number and one-third in amount thereof, as aforesaid, have petitioned that the debtor be adjudged a bankrupt. But if such debtor shall, on the filing of the petition, admit in writing that the requisite number and amount of creditors have petitioned, the court, if satisfied that the admission was made in good faith, shall so adjudge, which judgment shall be final, and the matter proceed without further steps on that subject. And, if it shall appear that such number and amount have not so petitioned, the court shall grant reasonable time, not exceeding, in cases heretofore commenced, twenty days, and in cases hereafter commenced ten days, within which other creditors may join in such petition. And if, at the expiration of such time, so limited, the number and amount shall comply with the requirements of this section, the matter of bankruptcy may proceed; but if, at the expiration of such limited time, such number and amount shall not answer the requirements of this section, the proceedings shall be dismissed, and in cases hereafter commenced, with costs." The 13th section of the act of 1874, amending the 40th section of the former act, provides, that if, on the return-day of the order to show cause, "the court shall be satisfied that the requirement of section 39 of said act as to the number and amount of petitioning creditors has been complied with, or if, within the time provided for in section 39 of this act, creditors sufficient in number and amount shall sign such petition, so as to make a total of one-fourth in number of the creditors and one-third in amount of the provable debts against the bankrupt, as provided in said section, the court shall so adjudge, which judgment shall be final; otherwise, it shall dismiss the proceedings, and in cases hereafter commenced, with costs."] 3

The provision of that act in respect to all cases commenced since the 1st of December, 1873, and prior to the passage of the act of 1874, as well as those commenced after such passage, is (section 12) that the debtor is to be adjudged a bankrupt on the petition of one or more of his creditors, who shall constitute one-fourth at least in number of his creditors, and the aggregate of whose debts provable under the act amounts to at least one-third of the debts so provable. It is suggested that this does not require that the petition shall show that the petitioning creditors constitute the prescribed number and amount; that it is for the debtor to come in, in the first instance and assert that the petitioning creditors do not constitute the prescribed number and amount; and that, if he does not, there need be no inquiry into the matter. I cannot concur in this view, for several reasons.

3 [From 10 N. B. R. 165.]

(1.) The reasonable construction of the provision that the petition is to be the petition of one or more of the creditors, who shall constitute a given proportion, in number, of creditors, and whose provable debts shall constitute a given proportion, in amount, of provable debts, is, that the petition shall not only show that the petitioners are creditors, and how, and to what amount severally, but shall also show that they constitute a body who have a right to invoke relief which can be given only to those who do constitute such body. Such construction was given to the 39th section as it formerly read, of which this 12th section is an amendment; and the forms of petition prescribed by the supreme court required that the petition should contain, on its face, affirmative allegations of the existence of all the facts which were necessary prerequisites to the right to ask for an adjudication—such as, the residence or carrying on of business by the debtor in the proper district, for the requisite period of time; the owing by him of debts exceeding $300; the provability of the petitioner's demand; the fact that the petitioner's demand exceeded $250, and its nature and character; and particulars showing the commission of some act of bankruptcy specified in the statute. The petition must, undoubtedly, be such as to show, on its face, a proper case, on comparing it with the statute, for entering an adjudication, if there be no appearance to it by the debtor. It cannot do this unless it shows, on its face, that the petitioners constitute the prescribed number and amount.

(2.) In addition to this, the provision is, that, "if such allegation as to the number or amount of petitioning creditors be denied by the debtor, by a statement in writing to that effect," the court shall require him to file a list of his creditors, &c. It is suggested that this provision is satisfied by calling on the debtor to assert that the petitioning creditors do not constitute the requisite number and amount. But the statute says, that "such allegation" is to be "denied" by the debtor. The use of the phrase "such allegation" clearly implies that the allegation to be denied is one made by the petitioning creditor, and one made in the petition; and it is an allegation "as to the number or amount of petitioning creditors" that is to be denied. A denial implies a contradiction of an assertion. The assertion must precede the denial.

It is suggested that, inasmuch as the debtor was in default on the 13th of June, and the petitioning creditors were then entitled to have an adjudication, and the debtor has not appeared, the adjudication ought now to be made. The petition contains no allegation that the petitioning creditors constitute the prescribed number and amount. The debtor has not been adjudged bankrupt, and the provisions of the act of 1874 apply, therefore, to this case, it having been commenced since the 1st of December, 1873. But, the statute

is very marked in requiring that the court shall have affirmative evidence, in the papers on which it makes an adjudication, that the provisions of the statute, as to the number and amount of creditors petitioning, are being complied with, and shall not necessarily repose on an admission by the debtor to that effect, much less on his failure to assert the contrary of what is not alleged. Such admission by the debtor, if made, must be made in writing, and then the court must be satisfied that it is made in good faith. This is undoubtedly in order to prevent collusion, and because of the provision of section 9 of the act of 1874, that, in cases of involuntary bankruptcy, the bankrupt may receive a discharge, if otherwise entitled thereto, without paying any proportion of his debts, and without procuring the assent of any portion of his creditors, as a condition of his discharge, while, in cases of voluntary bankruptcy, no discharge can be granted to a debtor whose assets are not equal to 30 per centum of the claims proved against his estate, upon which he is liable as principal debtor, without the assent of at least one-fourth of his creditors in number and one-third in value. The view seems to be, that, if one-fourth in number and one-third in value of the creditors petition in involuntary bankruptcy, they shall be regarded, under the provisions of the statute, as assenting to the discharge of the bankrupt, in like manner as one-fourth in number and one-third in value assent, in voluntary bankruptcy. Again, section 13 of the act of 1874 requires, that the court must, on the return day of the order to show cause, be satisfied that the requirement as to the number and amount of petitioning creditors has been complied with, or must have evidence that, within the time provided for, creditors sufficient in number and amount have signed the petition, so as to make a total of one-fourth in number and one-third in value, before it can make an adjudication to that effect; and that, otherwise, the court must dismiss the proceedings. This imposes on the court the duty of dismissing the petition, unless it appears affirmatively that such requirement has been complied with, or that, within the time provided for, the proper number and amount of creditors sign the petition. This, again, shows that a part, at least, of the evidence that the petition is joined in by the proper number and amount of creditors, must be the fact that creditors sufficient in number and amount sign the petition within the time provided for, if it has appeared that a sufficient number and amount did not petition in the first instance. Now, it would be unreasonable to suppose that it was intended that the proper number and amount should sign the petition, without its appearing, in the body of the petition, not only that the signers were, by name and description, petitioners, but that they constituted the requisite number and amount; and, if these things are required in regard to the petition, after time is granted

for other creditors to join in it, it is reasonable to hold that the statute intends that the requirement as to the number and amount of petitioning creditors is not complied with, in the presentation of the petition in the first instance, unless it appears, in the body of the petition, by name and description, who are the petitioners, and that they constitute the requisite number and amount, and unless the persons so named as petitioners sign the petition. The petition "may be sufficiently verified by the oaths of the first five signers thereof, if so many there be." This means, that, if there are five or less signers, all must verify the petition by oath; but that, if there are more than five signers, it will be sufficient if the first five of them so verify it. This necessarily implies that there may be more signers than those who verify the petition by oath, and implies, also, that those who are petitioners must sign the petition.

As, in the present case, the petition does not state that the petitioners constitute the requisite number and amount of creditors, it must be held that it appears that the requisite number and amount of creditors have not petitioned. As the case was commenced before June 22, 1874, an order will be entered herein by the clerk, if the petitioning creditors desire, granting twenty days from the formal entry of such order, as the time within which the petition may be amended so as to show a compliance with the requirement of the statute as to the number and amount of petitioning creditors, and providing that, at the expiration of that time, or when such amendment shall be filed, if before the expiration of that time, the clerk shall present to the court all papers which shall have been filed herein, including those filed with a view to such amendment of the petition, to the end that the matter in bankruptcy may proceed, or the proceedings may be dismissed, as the case may be.

The only act of bankruptcy alleged in the petition is, that the debtor, being insolvent, suffered his property to be taken on legal process, with the intent to give a preference to a creditor, and to defeat the operation of the act. This was an act of bankruptcy when the petition was filed. By the act of 1874 it is no longer made an act of bankruptcy. The debtor, being insolvent, must "procure" his property to be taken on legal process, with the intent to give a preference, or to defeat or delay the operation of the act; and all the provisions of the section of the act of 1874 which specify what are acts of bankruptcy on which a person can be adjudged an involuntary bankrupt, are by it made applicable to the present case, commenced since December 1, 1873. Therefore, if the present petition is to be proceeded with at all, it must, in respect to the matters alleged in it as constituting the act of bankruptcy set forth, be amended by averring that the debtor "procured" his property to be taken. An amendment to that effect will be allowed to be made

·within the twenty days before ·provided for.

The provisions of the statute have been carefully considered in the above observations, because the number of the petitions in involuntary bankruptcy filed in this district, between December 1, 1873, and June 22, 1874, was 346. Of this number, 98 were discontinued, and in 118 others adjudications have been entered. This leaves 130 in which no adjudication has been entered, and which come under the provisions of the act of 1874. In all of these 130, which are in the same situation as the present case of Isaac Scull, and in all of.them in which the petition was filed before June 22, 1874, and no order of adjudication was formally filed and entered before June 22, 1874, the clerk will enter a like order, if either party desires it.